IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW HAMILTON PRITCHARD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JUDGE GREGORY B. WILLIAMS, )<br>*et al.*, )<br>)<br>Respondents. )<br>_____ ) | Civ. Act. No. 24-792-JLH |

**MEMORANDUM**

**I.    INTRODUCTION**

*Pro se* Petitioner Andrew Hamilton Pritchard ("Petitioner") has filed in this Court a document titled "Writ of Habeas Corpus Title 28 US Code 2254." (D.I. 1.) The document is almost entirely incomprehensible. To the best the Court can discern, it appears to allege that a judge in this district fraudulently construed another case involving a different plaintiff – *Elad v. Truist Bank et al*, Civ. A. No. 23-1360-GBW – as alleging a civil rights violation instead of alleging a violation of the Administrative Procedures Act. (D.I. 1 at 2, 6.) Petitioner requests $140 billion in restitution. (D.I. 1 at 1.)

**II.    DISCUSSION**

A district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254. Having reviewed the face of the instant § 2254 Petition, the Court concludes that

summary dismissal is appropriate. Among the myriad of problems with the § 2254 Petition is that Petitioner is not in custody in the State of Delaware, nor does he challenge sentences or convictions imposed by the State of Delaware (or this Court). *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d) (petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases in the United States District Court, 28 foll. U.S.C. § 2254. Moreover, the extent Petitioner requests damages, such relief is not available on federal habeas review. *See Muhammed v. Close*, 540 U.S. 749, 750 (2004).

Relatedly, the Court will dismiss as moot Petitioner's Motions for Default Judgment (D.I. 4; D.I. 5; D.I. 6) and his Motion to Modify Docket (D.I. 7).

### III. CONCLUSION

For the above reasons, the Court will summarily dismiss the instant Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: January 30, 2025

_____
The Honorable Jennifer L. Hall
United States District Court Judge

2